```
             UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAY V. YUNIK,                     :
                                  :   CIVIL NO. 3:05-cv-0619
     Petitioner,                  :
                                  :
     v.                           :
                                  :
THE ATTORNEY GENERAL OF THE       :   JUDGE CONABOY
COMMONWEALTH OF PENNSYLVANIA,     :
                                  :   (Magistrate Judge Smyser)
     Respondent.                  :
```
_____

## MEMORANDUM and ORDER

Before the Court is Magistrate Judge Andrew Smyser's Report and Recommendation, Doc. 12, regarding Jay Yunik's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

In his petition, Petitioner is challenging the Pennsylvania Board of Probation and Parole's ("Board") decision to deny him parole. Petitioner claims that the Board improperly considered his refusal to take part in a sex offender program and that such consideration violated a number of his constitutional rights. Specifically, Petitioner claims that the Board's denial of parole deprived him of due process and equal protection and violated his Fifth amendment, First amendment and Eighth amendment rights.

On July 14, 2005, Petitioner filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 13). Therefore, we will make a <u>de novo</u> determination regarding the matters to which Plaintiff has objected. <u>See</u> 28 U.S.C. § 636(b)(1)(C).

Based on a thorough examination of the record we will ADOPT

the Magistrate Judge's Report and Recommendation and DISMISS Petitioner's claim.

Factual Background

Petitioner is currently housed at the State Regional Correctional Institution at Mercer ("SCI-Mercer") serving a term of four and one half (4 ½) to fifteen (15) years for the offense of forcible compulsion rape. Petitioner pled guilty and the effective date of his sentence was July 24, 2000. The minimum date of Petitioner's release was January 24, 2005, and his maximum date of release is July 24, 2015.

Petitioner was reviewed for parole for the first time on December 3, 2004.[1] The Board denied Petitioner parole for the following reasons: (1) his version of the nature and circumstances of the offense committed, (2) his refusal to accept responsibility for the offenses committed, (3) the recommendation of the Department of Corrections ("DOC"), and (4) his need to participate in and complete additional institutional programs. Petitioner's next parole hearing will be in or after February, 2006. The Board listed several factors that would be considered at Petitioner's next parole hearing including whether Petitioner had participated in a treatment program for sex offenders, whether he has received a favorable recommendation for parole by the DOC and whether he has maintained a clear conduct record and completed the DOC

---

[1] See Notice of Board Decision, (Doc. 11), (Exhibit 3).

prescriptive programs.

Procedural Background

On March 28, 2005, Petitioner filed his Petition for Writ of Habeas Corpus. (Doc. 1).

On May 5, 2005, Petitioner filed a motion to stay the proceedings so that he may present his claims to the Pennsylvania state courts. (Doc. 8).

On May 24, 2005, Respondents filed a brief in opposition to Petitioner's motion to stay, (Doc. 10), and a Response to Petitioner's Petition for Writ of Habeas Corpus. (Doc. 11).

On June 30, 2005, Magistrate Judge Smyser filed a Report and Recommendation and recommended that both Petitioner's motion for a stay and his Petition for Writ of Habeas Corpus be denied. (Doc. 12).

On July 14, 2005, Petitioner filed his objections to the Report and Recommendation. (Doc. 13).

On July 27, 2005, Respondents filed a brief in opposition to Petitioner's objections. (Doc. 14).

Discussion

In his objections to the Magistrate Judge's Report and Recommendation, Petitioner claims that the Board considered impermissible factors in denying his parole application in December 2004. Specifically, Petitioner claims that he "did not receive a

fair hearing before the Board of Probation and Parole...due to the fact that he had not completed a program for sex offenders and...it was held against petitioner when he was in fact interviewed for parole." (Doc. 13).

Additionally, Petitioner claims that the Board improperly applied 42 § 9718.1(a) by considering whether or not Petitioner had completed a sex offender program because this provision does not apply to Petitioner.[2]  Therefore, he claims that the Board considered impermissible factors in denying him parole.

As Respondents points out, Doc. 14, and our own review shows, Petitioner does not appear to object to the conclusions reached by the Magistrate Judge regarding due process, equal protection, the Fifth amendment claim, the First amendment claim, the Eighth amendment claim or any state law claims.  Therefore, our focus is narrowed to any remaining constitutional issues regarding the role an inmate's willingness to participate in a sex offender program may play in deciding whether that inmate should be paroled.

---

[2] 42 Pa.C.S.A. § 9718.1(a) provides that persons convicted of certain enumerated offenses shall attend and participate in a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders.  Section 9718.1(b) provides that an offender required to participate in Department of Corrections sex offender therapy under § 9718.1(a) shall not be eligible for parole unless the offender has participated in that therapy.  Section 9718.1, however, only applies to persons who committed offenses on or after December 20, 2000, the effective date of that section. See Note following 42 Pa.C.S.A. § 9718.1.  Petitioner was convicted in June of 2000. (Doc. 1).  Therefore, § 9718.1 does not apply to him.

A.   <u>Fourteenth Amendment Due Process and Equal Protection Issues</u>

The Fourteenth Amendment due process clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  A due process claim requires a two-part analysis.  First, the court must determine whether the interest asserted by the plaintiff is within the scope of protection of life, liberty, or property found in the due process clause.  A protected liberty interest may arise from two sources - the due process clause itself or the laws of the States.  <u>See Hewitt v. Helms</u>, 459 U.S. 460, 466 (1983); <u>Layton v. Beyer</u>, 953 F.2d 839, 842 (3d Cir. 1992).  Second, if the interest is protected by the Fourteenth Amendment, the court must determine what procedures constitute "due process of law."  <u>Ingraham v. Wright</u>, 430 U.S. 651, 672 (1977).

It is well established that a Pennsylvania prisoner does not have a protected liberty interest in being released on parole.  <u>See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex</u>, 442 U.S. 1, 7 (1979).  However, once a parole system is in place, a prisoner may not be denied parole for "arbitrary or constitutionally impermissible reasons."  <u>Block v. Potter</u>, 631 F.2d 233, 236 (3d Cir. 1980).  Therefore, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria."  <u>Id.</u>  Consequently, a

federal court may review a decision by a state parole board for an abuse of discretion.  Id.  Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole."  Id. at 236 n.2. Petitioner claims that the Board's December, 2004, decision was impermissibly based on whether or not Petitioner had completed a sex offender program.

Petitioner raises the issue of whether sex offenders may be treated differently than inmates convicted of other crimes when it comes to taking part in rehabilitative programs. The Supreme Court has addressed this issue and noted that "[w]hen convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault."  McKune v. Lile, 536 U.S. 24, 122 S.Ct. 2017 (2002); U.S. Dept. of Justice, Bureau of Justice Statistics, Recidivism of Prisoners Released in 1983, p.6 (1997).  Therefore, states have "a vital interest in rehabilitating convicted sex offenders."  Id.

The recidivism rate of sex offenders, coupled with the fact that the granting of parole is inherently discretionary, brings us to the inevitable conclusion that a parole board's consideration of whether or not an inmate has taken part in a sex offender program

when deciding if that inmate should be granted parole is a rational and constitutional consideration. Therefore, we agree with the Magistrate Judge's conclusion that neither Petitioner's due process rights nor his equal protection rights were compromised by the Board's December, 2004, decision denying Petitioner parole.

B.   Application of 42 Pa.C.S.A. § 9718.1

Petitioner claims that 42 Pa.C.S.A. § 9718.1, which makes completion of a sex offender program mandatory, does not apply to him. As the Magistrate Judge concluded, Doc. 12, Petitioner is correct that he is not required to complete a sex offender program in order to be eligible for parole. However, Petitioner incorrectly assumes that because he is not *required* to participate in a sex offender program the Board may not consider whether or not he has participated in such a program. There is no merit to Petitioner's assumption.

The Board may consider anything regarding a prisoner's conduct that serves as a projection of that prisoner's behavior on release. It is the Board's prerogative to do so as long as determinations are within Constitutional limits.

It might be a difficult choice for any sex offender to determine whether or not he will attend or complete a sex offender program designed by the Board of Prisons. However, the fact that it is a difficult choice does not make it illegal or impermissible and does not provide Petitioner with any valid grounds to proceed

7

in Federal Court.  See, Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998); Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984); and Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).  There is a possibility for every prisoner that he will have to serve the entire term to which he is sentenced.

C.   Petitioner's Plea Agreement

Petitioner raises an Eighth amendment issue with regard to his plea agreement.  He claims that "he was led to believe that he would be released at the expiration of his of his minimum sentence."  (Doc. 13).  We have reviewed the transcript from Petitioner's sentencing colloquy and found nothing in the record to support Petitioner's assertion.  Therefore, Petitioner's objection on this ground is meritless.

Conclusion

We find that the Board did not consider any impermissible factors in denying Petitioner parole, Petitioner had a fair hearing before the Board in December 2004, and 42 Pa.C.S.A. § 9718.1 did not preclude the Board from considering whether or not Petitioner completed a sex offender program.  Therefore, Petitioner's objections are without merit and the Report and Recommendation of the Magistrate Judge is hereby ADOPTED.


                                        S/Richard P. Conaboy
                                        Richard P. Conaboy
DATE: August 16, 2005_____         United States District Judge